UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY MOORE,

        Plaintiff,

v.                                                      Case No. 15-C-600

DR. SAUVEY, et al.,

        Defendants.

**ORDER**

In this prisoner § 1983 action, the Plaintiff alleged a number of serious digestive complaints arising out of an inability of his intestines to digest food and / or vitamins. Throughout the course of this litigation, the Plaintiff has peppered the court with filings, sometimes almost daily, detailing various aspects of his health or ways he believes the Defendants are failing to accommodate his medical demands. Given the seriousness of the underlying condition alleged, the court appointed a lawyer to mediate the dispute, the goal being a swift resolution of the Plaintiff's grievances and a return to better health. With the mediator's help, the parties reached a settlement, which the Plaintiff signed. The case was then dismissed.

Before the ink was dry on his signature, however, the Plaintiff resumed his practice of filing information with the court. He complains, variously, about his medication, the vitamins he is given, and other ailments that are unrelated to the underlying allegations. In an abundance of caution, the court directed the Defendants to respond to his most recent allegations. The response indicates that the Plaintiff himself has been a difficult patient, sometimes refusing to take his medication, but that

otherwise his health is improving and his vitamin levels are normal or near-normal. In an effort to accommodate the Plaintiff, the Defendants have assigned a nurse to act as a kind of liaison, to coordinate his care and meet with him weekly.

Plaintiff's filings—no fewer than seventeen of them, just since the dismissal—reflect an excess of concern about his vitamin levels and other health matters, all of which are well outside the bounds of a federal lawsuit and equally outside the remedial powers of a federal court. Courts cannot micromanage the medical treatment of inmates, nor should they. Dr. Sauvey indicates she has nearly twenty years of experience as a physician, and thus it would make little sense to substitute the judgment of a court, or the inmate himself, for her reasoned decisions to order (or not order) various tests. The role of a federal court is simply to ensure that medical care is not so substandard as to constitute cruel and unusual punishment, but here it is evident that, at worst, the inmate is alleging medical negligence based on his own subjective views of the care he needs.

The motions to withdraw and to amend are **DENIED**. The case remains closed. Accordingly, the Plaintiff is directed to stop filing information about his medical condition with the court. Any such filings will be disregarded by the court.

**SO ORDERED** this 11th day of December, 2015.

    /s William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court